**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

CURTIS CLIFTON                                                                                                              PLAINTIFF
ADC #650436

v.                                                           2:17CV00024-BRW-JJV

MARGO WOLFE, Parole Officer,
St. Francis County; *et al.*                                                                                         DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  BACKGROUND

Curtis Clifton ("Plaintiff") is incarcerated at the Delta Regional Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) Plaintiff alleges he was stripped of three months of good-time credits in violation of his procedural due process rights. (*Id.* at 3-5.) He seeks immediate release from custody and monetary damages for every day of his incarceration beyond the three months he was purportedly supposed to have served. (*Id*. at 5.) After careful review of the Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.  SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

First, Plaintiff has failed to state a claim against Defendants Mike Bachand and J.R. Smith. Plaintiff names Defendants Bachand and Smith in the style of his Complaint, but there are no specific allegations against them in his Statement of Claim. (Doc. No. 2 at 3–5.) To the extent Plaintiff seeks to hold them responsible based solely on their respective positions as Administrator of the Cross County Jail and Sheriff of Cross County, that claim fails. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (holding there is no *respondeat superior* liability under § 1983); *see also Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Absent allegations that Defendants Bachand and Smith were personally involved in the alleged due process violation, they should be dismissed.

Second, Plaintiff's claim for immediate release from custody is barred pursuant to *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (holding that habeas corpus, following exhaustion of state remedies, is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement and seeking immediate or speedier release, even where such a claim would come

within the literal terms of § 1983). His claim for damages "in the amount of $1,000 for every day my incarceration carries on past 1-17-17" (Doc. No. 2 at 5) is barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that if a judgment in favor of a plaintiff in a § 1983 suit would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence has already been invalidated). *See also Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (holding that the *Heck* bar applies to a claim for damages when the "principal procedural defect complained of by [the plaintiff] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits").[1]

For these reasons, I find Plaintiff's Complaint fails to state a claim to relief that is plausible on its face.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[1] To the extent Plaintiff's Complaint can be construed as stating a procedural due process claim that does not call into question the validity of his continued imprisonment, *i.e.*, that he was simply deprived of process to which he was due, I note Plaintiff has no protected liberty interest in conditional release. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). In Arkansas, meritorious good time reduces an inmate's transfer or parole eligibility date. *See* Ark. Code Ann. § 12-29-201. Accordingly, due process does not attach.

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 17th day of February, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE