# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

CURTIS CLIFTON                                                                                                    PLAINTIFF
ADC #650436

v.                                                2:17CV00024-BRW-JJV

MARGO WOLFE, Parole Officer,
St. Francis County; *et al.*                                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Curtis Clifton ("Plaintiff") is incarcerated at the Ouachita River Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) Plaintiff alleges he was stripped of three months good-time credits in violation of his procedural due process rights. (*Id*. at 3-5.) He seeks immediate release from custody and monetary damages for every day of his incarceration beyond the three months he was purportedly supposed to have served. (Id. at 5.) Defendant Margo Wolfe has now moved for dismissal of the claims against her. (Doc. No. 22.) Plaintiff has responded. (Doc. No. 24.) After careful review, I find the Motion should be GRANTED and I also find Plaintiff's Complaint (Doc. No. 2) should be DISMISSED for failure to state a claim on which relief may be granted.

**I.  STANDARD OF REVIEW**

Defendant seeks dismissal pursuant to Rule 12(c). (Doc. No. 22 at ¶ 5.) But her Motion also states she seeks dismissal because Plaintiff ". . . fails to state a claim upon which relief may be granted. . ." (*Id.*) Nevertheless, motions are reviewed under the same standard as Rule 12(b)(6) motions. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson*, 551 U.S. at 93-94; *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). A court will read the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden*, 588 F.3d at 594. In addition to the complaint, courts may consider matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

## II.     ANALYSIS

### A.     Official Capacity

Defendant Wolfe is an employee of the State of Arkansas. A suit against a state official in her official capacity is not a suit against the official but rather is a suit against the state. *See Printz v. U.S.*, 521 U.S. 898, 930 (1997); *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Eleventh Amendment bars suits against states for monetary damages. *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Dakota, Minnesota & Eastern R.R. Corp. v. S. D.*, 362 F.3d 512, 516 (8th Cir.

2004); *Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Section 1983 does not override Eleventh Amendment immunity. *Hadley*, 76 F.3d at 1438. The Eleventh Amendment has, thus, been construed to also prohibit § 1983 suits seeking monetary damages from a state official in his or her official capacity. *See Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996). Plaintiff's claims for money damages from Defendant Wolfe in her official capacity are barred by the doctrine of sovereign immunity and should, therefore, be dismissed.

    **B.**    ***Heck v. Humphrey***

Defendant Wolfe correctly argues that Plaintiff's Complaint is subject to dismissal due to his failure to first pursue an action for state or federal habeas relief.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87; *see Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

Plaintiff challenges the deprivation of his good time credit he accrued while serving his parole revocation sentence. It is well established, however, that where a judgment would imply the invalidity of a sentence, a § 1983 claim for damages may proceed only where that same sentence is reversed, expunged, or called into question by the issuance of a federal writ of habeas corpus. *See Heck,* 512 U.S. 486-87.

It is clear that Plaintiff's requested relief - his immediate release from prison - is not

4

available under § 1983. To the extent Plaintiff wishes to secure an earlier release, habeas corpus is his exclusive federal remedy.

Plaintiff's request for monetary damages stemming from Defendant Wolfe's alleged violation of his due process rights also implicates the *Heck* decision, albeit less directly. *Heck* also stated that § 1983 actions for money damages which would require a plaintiff to prove the unlawfulness of his conviction or confinement are also barred where that same conviction has not already been reversed, expunged, or called into question by a federal writ of habeas corpus. 512 U.S. 486-87 (footnote omitted). Put another way, under *Heck*, courts are directed to disregard the form of relief sought and look to the essence of a plaintiff's claims. *Portley-El v. Brill*, 288 F.3d 1063, 1067 (8th Cir. 2002). At present, to succeed on a § 1983 claim for damages would clearly require Plaintiff to prove the unlawfulness of his confinement. His monetary claims for violations of his due process rights would, therefore, be barred.

In his objections, Plaintiff believes *Heck* does not apply because his "claims deal with [his] due process rights, and how [he] was deprived good time based on alleged misbehavior." (Doc. No. 24 at 2.) From a common sense standpoint, I realize Mr. Clifton believes he was denied due process when his good time credit was taken away without any formal proceedings. But Mr. Clifton makes the same due process challenge as did Mr. Portley-El. In dismissing Mr. Portley-El's claim, the Eighth Circuit stated, "The rule in Heck is grounded in the federal policy that state inmates must exhaust state remedies before seeking federal habeas relief, codified at 28 U.S.C. § 2254(b)(1)(A)." *Portley-El v. Brill*, 288 F.3d at 1067. Citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-92 (1973), the court went on to say, "the Supreme Court recognized that it would frustrate this policy if inmates could attack the validity or length of their confinement in a § 1983 action,

without first exhausting state remedies." *Id.* Because Mr. Clifton's good time credits affect the length of his confinement, "habeas corpus, not § 1983, is the exclusive federal remedy when a state prisoner seeks restoration of good time credits taken away by a prison disciplinary proceeding." *Id.*

### C. Defendant Barnes

Although he has not yet moved for dismissal, the same *Heck v. Humphrey* rationale would apply to Defendant Barnes in his individual capacity. And his official capacity claims are really claims against Cross County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). And to hold Cross County liable for any violation of his rights, Plaintiff must assert that some policy or custom of the city or county "played a part in the violation of federal law." *Id*.

> § 1983 liability against counties and other local government units is limited:
>
> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision making channels.

*Monell v. Dept. of Social Svcs.*, 436 U.S. 658, 690-91 (1961).

Plaintiff's Complaint fails to allege any facts to support that a custom or policy of Cross County resulted in the violation of his rights. Therefore, I recommend Defendant Barnes be dismissed from this cause of action.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Wolfe's Motion to Dismiss (Doc. No. 22) be GRANTED. The rationale advanced by Defendant Wolfe also applies to Defendant Barnes. Therefore, Plaintiff's Complaint (Doc. No. 2) should be DISMISSED for failure to state a claim on which relief may be granted.

2. Dismissal of Plaintiff's Complaint constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an order adopting these recommendations, and the accompanying judgment, would not be taken in good faith.

DATED this 5th day of June, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).